IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KINGSFORD MANUFACTURING COMPANY,

       Plaintiff,

       vs.

LEGACY OHP, LLC f/k/a OZARK HARWOOD
PELLETS, L.L.C. d/b/a FIBER ENERGY
PRODUCTS, LLC,

       Defendant.

**CASE NO.**  26-cv-581

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Kingsford Manufacturing Company ("Kingsford"), by and through its undersigned counsel, brings this Complaint for Damages against Defendant Legacy OHP, LLC f/k/a Ozark Hardwood Pellets, LLC d/b/a Fiber Energy Products, LLC ("Fiber Energy Products"), and alleges as follows:

## NATURE OF ACTION

1.      Beginning in 2020, Kingsford partnered with Fiber Energy Products for the production and delivery of Kingsford Wood Pellets. Kingsford provided some of the materials necessary for the production of the Kingsford Wood Pellets.

2.      In February 2024, a fire at one of Fiber Energy Products' facilities destroyed at least $743,378.79 worth of the raw and packaging materials Kingsford provided and finished goods.

3.      Instead of demanding immediate reimbursement for the ruined raw and packaging materials and finished goods—as it was entitled to do—Kingsford agreed to let Fiber Energy Products try to recover from its insurance carriers before reimbursing Kingsford. Kingsford did this as a reflection of the parties' long-standing and productive relationship. Kingsford trusted Fiber Energy Products to diligently pursue, and ultimately obtain, recovery from its insurance

carriers.

4.      Kingsford's trust was misplaced. It has been over two years since the fire and Fiber Energy Products has not reimbursed Kingsford for the destroyed material and goods. Disappointedly, Fiber Energy Products has failed to even regularly update Kingsford on the status of its insurance claim.

5.      Kingsford no longer trusts that Fiber Energy Products will reimburse it for the ruined materials and goods. It is now time for Kingsford to be made whole for the damages it suffered in the fire over two years ago.

## PARTIES

6.      Plaintiff Kingsford is a Delaware corporation with principal offices located at 1221 Broadway, Oakland, California 94612.

7.      Defendant Fiber Energy Products is a Missouri corporation with principal offices located at 5661 Telegraph Rd., Saint Louis, Missouri 63129.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      This Court has personal jurisdiction over Fiber Energy Products, a company incorporated in Missouri with its principal place of business in Saint Louis, Missouri.

10.      Venue is proper in the United States District Court for the Eastern District of Missouri, 28 U.S.C. § 1391(b)(1), because Fiber Energy Products, a Missouri corporation, resides in this District.

**FACTUAL ALLEGATIONS**

11.     Kingsford and Fiber Energy Products entered into a Supply Agreement on or around April 1, 2020, for the production and delivery of Kingsford Wood Pellets from Fiber Energy Products to Kingsford (the "Supply Agreement"). A true and correct copy of the Supply Agreement is attached as Exhibit A.

12.     Pursuant to the Supply Agreement, Fiber Energy Products produced ten different SKUs of Kingsford Wood Pellets at its facilities in Seymour, Missouri or Mountain View, Arkansas. The finished products were then delivered to Kingsford by Fiber Energy Products from its facilities.

13.     Under the Supply Agreement, "risk of loss of the Product will pass from Seller to Buyer when Product leaves Seller's designated production facilities." (Ex. A at Paragraph 13.)

14.     Kingsford provided certain raw and packaging materials to Fiber Energy Products to be used in the production of the Kingsford Wood Pellets. The raw and packing materials include the product packaging, chep pallets, and pallets. (Ex. A at Attachment 1 to Schedule 1.)

15.     Schedule 1 to the Supply Agreement states that "If the raw and/or packaging materials meet the requirements of the incoming inspection, but are subsequently made defective as a result of Seller's storage, handling and/or processing of the materials, Seller [] will be liable for replacing the damaged raw and/or packing materials [and] for all damages [] allowable under the law." (Ex. A at Schedule 1.E.3.)

16.     The term of the Supply Agreement was April 1, 2020 through December 31, 2021 (Ex. A at Schedule 1.B.)

17.     After the initial term expired, Kingsford continued ordering and Fiber Energy Products continued producing and delivering Kingsford Wood Pellets through purchase orders.

3

18.     The parties continued ordering, producing, delivering, and paying for the Kingsford Wood Pellets subject to the terms of the Supply Agreement. Further, the parties continued supplying, storing, handling, and processing the Kingsford-provided raw and packaging materials pursuant to the terms in Schedule 1 of the Supply Agreement.

19.     The parties' actions and conduct after the expiration of the Supply Agreement, through at least February 2024, show the parties' intent to continue to be bound by the terms of the Supply Agreement.

20.     In February 2024, there was a fire in Fire Energy Products' facility in Seymour, Missouri (the "Facility").

21.     The fire destroyed and damaged raw and packaging materials Kingsford provided for the Kingsford Wood Pellets, including packaging and pallets. The raw and packaging materials destroyed and damaged in the fire could not be used to produce Kingsford Wood Pellets.

22.     The value of the raw and packaging materials destroyed and damaged in the fire is at least $730,667.45.

23.     The fire also destroyed and damaged finished goods Fiber Energy Products had produced for Kingsford under the terms of the Supply Agreement.

24.     The value of the finished goods destroyed and damaged in the fire is at least $12,711.34.

25.     Neither party disputes the value of the raw and packaging materials and finished goods destroyed in the fire.

26.     Under the terms of the Supply Agreement and consistent with industry practice, Fiber Energy Products is liable for replacing those materials and compensating Kingsford for all damages it sustained from the destroyed and damaged raw and packaging materials and finished

4

goods. (Ex. A at Paragraph 13, Schedule 1.E.3.)

27.     Although Kingsford was entitled to immediate reimbursement for the destroyed and damaged raw and packaging materials and finished goods, Kingsford allowed Fiber Energy Products to first pursue relief from its insurance carrier. Kingsford did this at Fiber Energy Products' request and to be a good partner to Fiber Energy Products.

28.     After the fire, Kingsford, and its affiliate company The Clorox Company, assisted Fiber Energy Products in its efforts to recover from its insurance carriers. Kingsford also assisted Fiber Energy Products' parent companies, including Revelyst Inc., in their effort to recover.

29.     For example, in February 2024, Kingsford helped Fiber Energy Products calculate the value of the damaged and destroyed raw and packaging materials and finished goods, to submit an insurance claim.

30.     Over the next two years, Kingsford regularly contacted Fiber Energy Products and Revelyst for updates on the status of insurance recovery. Kingsford's communications were ignored or received nonanswers.

31.     Now, over two years since the fire, Fiber Energy Products has not reimbursed Kingsford for the $743,378.79 worth of raw and packaging materials and finished goods destroyed or damaged in the fire.

32.     Kingsford is unaware of the current status of Fiber Energy Products and Revelyst's negotiations with its insurance carriers.

33.     However, Fiber Energy Products' obligation to reimburse Kingsford for the destroyed and damaged raw and packaging materials and finished goods is independent of Fiber Energy Products' ability to recover from its insurer.

34.     Kingsford has repeatedly attempted to resolve this matter directly with Fiber

Energy Products and Revelyst to no avail. Kingsford must now be made whole.

**COUNT I – BREACH OF CONTRACT**

35.    Kingsford repeats and realleges each and every allegation contained in paragraphs 1 through 34 of the Complaint, as if fully stated herein.

36.    Kingsford and Fiber Energy Products entered into a Supply Agreement in which Fiber Energy Products would produce and deliver certain Kingsford Wood Pellets, using certain raw and packaging materials provided by Kingsford. (Ex. A.)

37.    After the initial term of the Supply Agreement expired on December 31, 2021, the parties continued ordering, producing, delivering, and paying for Kingsford Wood Pellets pursuant to the terms of the Supply Agreement. Further, the parties continued supplying, storing, handling, and processing the Kingsford-provided raw and packaging materials pursuant to the terms in Schedule 1 of the Supply Agreement.

38.    The parties' actions and conduct after the expiration of the Supply Agreement, through at least February 2024, show the parties' intent to continue to be bound by the terms of the Supply Agreement.

39.    Under the Supply Agreement, Fiber Energy Products is "liable for replacing the damaged raw and/or packing materials [and] for all damages [] allowable under the law" for any raw and packaging materials that were "made defective as a result of [Fiber Energy Products'] storage, handling and/or processing of the materials." (Ex. A at Schedule 1.E.3.)

40.    Under the Supply Agreement, "risk of loss of the Product will pass from Seller to Buyer when Product leaves Seller's designated production facilities." (Ex. A at Paragraph 13.)

41.    Kingsford has at all times performed its obligation under the Supply Agreement.

42.     Fiber Energy Products failed to replace or reimburse Kingsford for raw and packaging materials and finished goods that were "made defective as a result of Seller's storage, handling and/or processing of the materials" as a result of the February 2024 fire at the Facility. (Ex. A at Paragraph 13, Schedule 1.E.3.)

43.     Fiber Energy Products' failure to reimburse Kingsford for the damaged and destroyed raw and packaging materials and finished goods is a breach of the Supply Agreement.

44.     As a direct result of Fiber Energy Products' breach of the Supply Agreement, Kingsford has suffered damages of at least $743,378.79, with the exact amount to be proven at trial.

**COUNT II – NEGLIGENCE (IN THE ALTERNATIVE)**

45.     Kingsford repeats and realleges each and every allegation contained in paragraphs 1 through 34 of the Complaint, as if fully stated herein.

46.     Count II is plead in the alternative.

47.     Fiber Energy Products received and accepted at least $730,667.45 worth of raw and packaging materials provided by Kingsford to Fiber Energy Products. Kingsford expected Fiber Energy Products, pursuant to the terms of the Supply Agreement and the parties' history, to use the raw and packaging materials to produce Kingsford Wood Pellets or, in the event that the raw and packaging materials were destroyed, to be reimbursed.

48.     At the time of the fire, Fiber Energy Products was storing at least $12,711.34 worth of finished goods at the Facility.

49.     Fiber Energy Products had a duty to act as an ordinary, reasonable person would with respect to the raw and packaging materials and finished goods. Fiber Energy Products had a duty to store, handle, and process the raw and packaging materials pursuant to the terms of the

Supply Agreement and the parties' history. Fiber Energy Products also had a duty to store the finished goods pursuant to the terms of the Supply Agreement.

50.     Fiber Energy Products breached this duty by causing and/or allowing the raw and packaging materials and finished goods to be damaged and destroyed in the fire at the Facility.

51.     Fiber Energy Products further breached this duty by failing to reimburse Kingsford for the raw and packaging materials and finished goods.

52.     As a direct and proximate result of Fiber Energy Products' breach, Kingsford has suffered damages of at least $743,378.79, with the exact amount to be proven at trial.

### COUNT III – CONVERSION (IN THE ALTERNATIVE)

53.     Kingsford repeats and realleges each and every allegation contained in paragraphs 1 through 34 of the Complaint, as if fully stated herein.

54.     Count III is plead in the alternative.

55.     Kingsford purchased and supplied certain raw and packaging materials to Fiber Energy Products. Title of the raw and packaging materials did not transfer to Fiber Energy Products upon delivery. (*See* Ex. A at Schedule 1.E.6 ("Seller will keep any raw and packaging materials owned by Buyer [] separate and apart from other raw and packaging materials.").)

56.     Upon delivery, Fiber Energy Products took possession of the raw and packaging materials with the intent to use the raw and packaging materials in the production of Kingsford Wood Pellets.

57.     Fiber Energy Products also stored the finished goods it produced for Kingsford pursuant to the Supply Agreement. Fiber Energy Products retained the risk of loss for finished goods prior to delivery. (Ex. A at Paragraph 13.) Kingsford expected that the finished goods would be delivered by Fiber Energy Products.

58.     Raw and packaging materials and finished goods owned by Kingsford were destroyed and damaged in the February 2024 fire at the Facility. The destroyed raw and packaging materials could not be used in the production of Kingsford Wood Pellets. The destroyed finished goods could not be delivered to Kingsford.

59.     Fiber Energy Products has not replaced or reimbursed Kingsford for the destroyed raw and packaging materials and finished goods.

60.     Fiber Energy Products has deprived Kingsford of the right to possession of at least $743,378.79 worth of raw and packaging materials and finished goods.

61.     As a direct result of Fiber Energy Products' conversion of the raw and packaging materials and finished goods, Kingsford has suffered damages of at least $743,378.79, with the exact amount to be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Kingsford respectfully requests that this Court:

1.     Award Kingsford damages for Fiber Energy Products' beach of the Supply Agreement, or in alternative for negligence or conversion, for at least $743,378.79;

2.     Award Kingsford its reasonable attorneys' fees, costs and expenses pursuant to Section 31(b) of the Supply Agreement; and

3.     Grant Kingsford such other and further relief as the Court deems just and proper.

Dated: April 20, 2026

Respectfully submitted,


By: */s/ Katie Burnett*_____
Katie Burnett
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
kburnett@beneschlaw.com


J. Erik Connolly (pro hac vice forthcoming)
Lauren C. Tortorella (pro hac vice forthcoming)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
econnolly@beenschlaw.com
ltortorella@beneschlaw.com

10